UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIELLE M. CREPEAU, Individually and on behalf of ZH, a Minor, ) ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | No. 3:06cv0377 AS |
| ROBERT G. MANNING, TOWN OF NORTH JUDSON, SUSAN HEMPHILL, STARKE COUNTY SHERIFF'S DEPARTMENT, STARKE COUNTY, INDIANA, SUSIE WOODS, and SHARON LEMBKE, ) ) ) ) ) ) ) ) | |
| Defendants ) | |

*MEMORANDUM, OPINION AND ORDER*

The complaint in this case was filed in the Starke Circuit Court in Knox, Indiana on May 30, 2006, and was removed to this court.

The notice of removal filed June 19, 2006 asserts federal question jurisdiction and more particularly asserts a basis of claim under 42 U.S.C. §1983. There is no basis here for jurisdiction under 28 U.S.C. §1332. Motions to dismiss were filed and heard by this court on October 30, 2006. As orally indicated, the motion to dismiss the North Judson Police Department was granted, and that is here and now re-affirmed. There is a very considerable concern with regard to the dismissal of the other defendants. It must be remembered that this case is primarily dealing with questions of violation of the Constitution, treaties and statutes

of the United States under 42 U.S.C. §1983.  Certainly, state law provisions and state law actions are important.  *See West v. Atkins*, 487 U.S. 42 (1988).  *See also* this court's opinion in *Craig v. Witucki*, 624 F.Supp. 558 (N.D. Ind. 1986), at least in the narrow circumstances of that case precluded the application of the state notice of statute under the state tort claims law.  There may be a question whether *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) has a bearing here.  At this time, this court cannot determine whether the remaining defendants have stated a basis for such relief.  These remaining defendants have not convinced this court absolutely, but the Indiana statute cited <u>in this case</u> entitle them to relief.  This court must determine the issues of liability in this case under 42 U.S.C. §1983 and will afford counsel an opportunity to develop relevant law within the ambit of §1983.  However, on the present basis of the record, the remaining motions to dismiss by remaining defendants must be **DENIED**.

    The state statutes that were cited here by the defendants as well as the state authorities may well undermine any claims made here under state law.  However, those authorities may not undermine claims made under 42 U.S.C. §1983.

    It also needs to be mentioned that Starke County has not raised issues under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

    **DATED:**  December 20, 2006

                                                        **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**